

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James E. Kilday, Director
Motor Transportation Division
Railroad Commission
Austin, Texas

Dear Sir:

Opinion No. O-4169
Re: Whether under Articles
4005-4015, inclusive,
a truck operator for hire,
carrying on a business
under authorization by
the Railroad Commission,
may haul property for
ministers of religion with
no charge or with reduced
rates.

Your letter of October 23, 1941, with attachments
inquires if motor carriers may, under Articles 4005 to 4015,
inclusive, Revised Civil Statutes of Texas, transport freight
free of charge, or at a discount, for ministers of religion.

Article 4005 prohibits the granting of free passes
or the carrying of property free of charge, or at less than
regular fares or rates. It reads:

"No steam or electric railway company,
street railway company, interurban railway
company or other chartered transportation com-
pany, express company, sleeping car company,
telegraph company, telephone company or person
or association of persons operating the same,
nor any receiver or lessee thereof, nor any
officer, agent or employee or receiver of any
such company in this State shall knowingly haul or
carry any property free of charge, or give or grant

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

to any person, firm or association or persons a free pass, frank, privilege or substitute for pay or a subterfuge which is used or which is given to be used instead of the regular fare or rate of transportation or any authority or permit whatsoever to travel or to pass or convey or transport any person or property free, nor sell any transportation for anything except money, or for any greater or less rate than is charged all persons under the same conditions, over any railway or transportation lines or part of line in this State; or shall knowingly permit any person to transmit any message free in this State; or shall give any frank or right or privilege to transmit any message free in this State or property free of charge or for greater or less fare or rate than is charged other persons in this State for similar service, except as hereinafter provided in this title."

Article 4006 contains certain exceptions to Article 4005. Appertaining to ministers of religion, it provides:

"The preceding article shall not be held to prevent * * * granting or exchanging free passes or free transportation, franks, privileges, substitutes for pay, or other thing prohibited by the provision of the preceding article to any of the following named persons: * * * any minister of religion on intrastate trips in this State * * *."

In Article 4008 there also appears provisions relating to ministers of religion, as follows:

"Nothing in this title shall be held to prevent any corporation, association or person mentioned in the first article of this title from granting transportation at the rate of one cent per mile to * * * any minister of religion for intrastate trips, or from granting to ministers of religion reduced rates of one-half the regular fare * * *."

It seems clear that the exception in favor of ministers of religion applies only to the transportation of the person of the minister and not to the transportation of his property. The expression "intrastate trips" appearing in Article 4006, and repeated in Article 4008, manifestly refers to the person and not to property. Property does not take "trips".

Moreover, Article 4006 contains certain specific references to property: "shipment of fish for free distribution in the waters of this State"; "persons and property carried in cases of general epidemic, pestilence or other calamitous visitation". This clearly implies that property, other than as expressly mentioned, is not included within the exceptions enumerated in Article 4006.

Significant, also, is the fact that Article 4009 expressly provides for the free transportation of property for certain persons not including ministers of religion. It reads in part:

"Article 4009. Free Transportation - Nothing in this title shall be construed to prohibit any express company from hauling or carrying free of charge any package or property of its actual bona fide officers, attorneys, agents and employees while in the service of such express company, nor to prevent any article being sent free to any orphan home or other charitable institution * * *."

This department has heretofore held that motor carriers are subject to the provisions of Articles 4005 to 4015, inclusive. Opinion No. 0-445, Opinion No. 0-2983, and Opinion No. 0-2983A.

Inasmuch as Article 4005 provides that no transportation companies shall "knowingly haul or carry any property free of charge * * * nor sell any transportation for anything except money, or for any greater or less rate than is charged all persons under the same conditions", and since Article 4006 and the other related statutes neither expressly nor by

Honorable James E. Kilday - Page 4

necessary implication except the property of ministers of religion from the prohibitions contained in Article 4005, we are compelled to reach the conclusion that such motor carriers are without authority to haul the property of ministers of religion without charge or at reduced rates.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Zollie C. Steakley
Assistant

ASSISTANT
ATTORNEY GENERAL

ZCS:FS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN